UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KELLY BAKER,

                        Plaintiff,                                <u>ORDER</u>

       -against-                                       CV 12-1000 (ADS)(ETB)

VALENTINE & KEBARTAS, INC., DELL
FINANCIAL SERVICES, L.L.C. AND DELL INC.,

                        Defendants.
------------------------------------------------------------------------X

       This is a Fair Debt Collection Practices action allegedly arising out of several hundred robo-calls placed to the plaintiff. Before the court is the letter application by the plaintiff, dated February 24, 2013, seeking to compel the production of discovery that was the subject of a prior unopposed motion. Plaintiff also requests sanctions. The prior motion to compel, dated December 10, 2012, led to the order dated January 7, 2013, which was granted "without any opposition" by defendant and directed the defendant debt collector compliance within 10 days.[1]

       Federal Rule of Civil Procedure 37(b)(2)(C) states, in pertinent part, that where a party fails to obey a discovery order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Similar provisions apply in favor of the prevailing party on a motion to compel disclosure material. <u>See</u> Fed. R. Civ. P. 37(a)(5).

       The plaintiff's motion asserts that notwithstanding the order of the court on January 7,

---

[1]Pursuant to Local Civil Rule 37.3(c) any response to a discovery letter motion must be filed within four days from filing. The defendant here was afforded four weeks and still did not respond.

2013, the defendant still refuses to comply.  It should be noted that the defendant not only failed to oppose the underlying motion, it also never appealed the order dated January 7, 2013, or sought to vacate, reconsider, or otherwise modify that order.  Surprisingly, the defendant, Valentine & Kebartas, Inc. acknowledges its refusal to comply on the grounds that plaintiff's demands are "overly broad, unduly vague, not limited in scope and not seeking information of any specificity."  Opposition by defendant's counsel, Barry Jacobs, at 2.  Moreover, with respect to plaintiff's request for pleadings in other actions involving defendant, and notwithstanding the existence of a confidentiality order and notwithstanding the finality of the order dated January 7, 2013, defendant now requests an in camera review by the court.  Id. at 2-3.  Brazenly, the defendant asserts that it will produce only those documents that it deems unobjectionable, relevant, and not confidential.  Id. at 1-2.

The plaintiff's motion to compel and for sanctions is granted in its entirety.  As requested, sanctions against the defendant are awarded in the sum of $1,000.00 per diem for each day of non-compliance with this order.  In addition, pursuant to Rule 37, plaintiff is awarded costs of this motion on which it has prevailed, including reasonable attorney's fees.  Any application for same shall be made within fourteen (14) days by affidavit or notice to the defendant, who is granted ten (10) days to respond.

The oral argument scheduled for March 8, 2013 is canceled.  The defendant's request for modification of the scheduled oral argument is denied as moot.

**SO ORDERED:**
Dated: Central Islip, New York
      March 7, 2013                     /s/ E. Thomas Boyle
                                       E. THOMAS BOYLE
                                       United States Magistrate Judge