UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KELLY BAKER,

                    Plaintiff,

    -against-

VALENTINE & KEBARTAS, INC., DELL FINANCIAL
SERVICES, L.L.C. AND DELL, INC.

                  Defendants.
------------------------------------------------------------------------X

Docket No.:  12-CV-1000

# REPLY MEMORANDUM OF DEFENDANTS
## DELL FINANCIAL SERVICES, L.L.C. AND DELL INC. IN FUTHER SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

**LEWIS JOHS AVALLONE AVILES, LLP**
Attorneys for Defendants
DELL FINANCIAL SERVICES, L.L.C. AND DELL, INC.
One CA Plaza, Suite 225
Islandia, New York 11749
(631) 755-0101

Defendants Dell Financial Services, L.L.C. and Dell, Inc. (collectively "Dell") respectfully submit this reply memorandum of law in further support of their motion to dismiss the amended complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

**ARGUMENT**

**I.    PLAINTIFF DOES NOT CONTEST DISMISSAL OF ITS FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") CLAIM AS TO DELL.**

As noted previously, it is unclear whether plaintiff actually intended to assert an FDCPA claim against Dell in its Amended Complaint.[1] *See* Amended Complaint, dated January 30, 2013 (ECF Doc. #24), a copy of which was submitted as Exhibit "A" to the Declaration of Bryan F. Lewis, Esq., dated March 3, 2013 ("Lewis Dec."). Given this ambiguity, Dell moved to dismiss the putative FDCPA claim against Dell because its position is that of a creditor, and not of a "business . . . [whose] principal purpose is the collection of any debts" or on the accounts "of another," meant it was not a "debt collector" as that term is defined under the FDCPA. *See* 15 U.S.C. § 1692a(6). *See also Maguire v. Citicorp Retail Services, Inc.,* 147 F.3d 232, 235 (2d Cir. 1998); *Harrison v. NBD Inc.,* 968 F. Supp. 837, 841 (E.D.N.Y.1997) (holding that creditors collecting their own debts are excluded from the FDCPA's reach).

Plaintiff has not opposed this aspect of Dell's motion in any respect. *See* Plaintiff's Opposition to all Defendants' Motions to Dismiss, dated March 27, 2013 (ECF Doc. #43) (hereinafter "Plaintiff's Opposition"). Further, plaintiff, in her proposed Second Amended Complaint, specifically excludes the Dell defendants from her FDCPA cause of action. *See*

---

[1] While at paragraph 17 of her Amended Complaint plaintiff alleges that "any reference hereinafter to . . . [the term] 'debt collector,' without further qualification is meant to refer to [each defendant]," plaintiff does not use the term in any subsequent paragraph. Further, in her "Factual Allegations" section, plaintiff does identify V&K as a "debt collector" at paragraph 8, but does not do so for Dell anywhere within the Amended Complaint.

Plaintiff's Second Proposed Amended Complaint, dated March 26, 2013 (ECF Doc. #42-3) at p. 9 (Sec. V). As such, this aspect of Dell's motion should be granted as unopposed, and plaintiff's FDCPA claims against Dell should be dismissed.

##    II.    DELL IS NOT VICARIOUSLY LIABLE FOR V&K'S ALLEGED ACTIONS UNDER THE TCPA.

47 U.S.C. § 227(b)(1)(A)(iii) provides that it is a violation of the TCPA "for any person . . . to *make* any call . . . *using* any automatic telephone dialing system or an artificial or prerecorded voice--to any telephone number assigned to a . . . cellular telephone service. . . ." (emphasis added). Further, 47 U.S.C. § 227(b)(3) provides a private right of action "for the violation of" § 227(b)(1)(A)(iii). However, as noted in Dell's prior submission, there are no allegations in the Amended Complaint that *Dell* used an automatic telephone dialing system to contact plaintiff, or that *Dell* made any calls to plaintiff, at any phone number, at any time. *See*, *generally,* Amended Complaint, dated January 30, 2013 (ECF Doc. #24), a copy of which was submitted as Exhibit "A" to the Declaration of Bryan F. Lewis, Esq., dated March 3, 2013 ("Lewis Dec."). Rather, plaintiff alleges that V&K engaged in the alleged conduct, and that all such conduct was *on Dell's behalf* (*see* Amended Complaint ¶¶ 31-34, 36). More recently, has attempted to bolster her TCPA claim against the Dell defendants by adding a new allegation concerning Dell's purported "knowledge" of V&K's activities.[2]

Putting aside the parties' respective positions concerning the TCPA's applicability to debt collection calls made to cell phone numbers (addressed in Point III, below), and notwithstanding

---

[2] In paragraph 46 of her proposed Second Amended Complaint, plaintiff seeks to include the additional allegation that "[t]he Dell Defendants knew or should have known about the procedures used by V&K to attempt to collect the alleged debt from the Plaintiff." *See* ECF Doc. #42-3 at p. 8. We note that plaintiff failed to highlight this substantive change in her accompanying motion for leave to amend (ECF Doc.#42-1), which it characterizes the sole purpose of the amendment as the addition of two V&K corporate representatives as parties.

2

plaintiff's attempt to slip a new allegation concerning Dell's purported "knowledge" of V&K's activities into her proposed Second Amended Complaint, plaintiff has still failed to address this fundamental pleading failure, *i.e.*, the absence of any allegation that Dell *made* any of the offending calls, or *used* an automatic dialer at any time. Further, while plaintiff argues at great length in her opposition that TCPA § 227(b)(1)(A)(iii) constitutes a blanket prohibition on the use of an automatic telephone dialing system to cellular phones, she offers no support for her apparent position that Dell, as the creditor for whom the calls were allegedly made, is vicariously liable under the TCPA for the alleged activities of V&K.

This is because no such support exists in the existing statutory scheme. In recent months, three district courts have limited the scope of liability under the TCPA for defendants who did not themselves send unsolicited calls, texts, or faxes to consumers. These courts have all concluded that the defendants were not liable for the alleged violations of the TCPA simply because the calls, texts, or faxes were made by another entity on the defendants' behalf, or because defendants funded the allegedly unsolicited communications. In *Zersen v. PT Insurance Group, et al.*, No. 11 C 7919, 2012 U.S. Dist. LEXIS 167783 (N.D. Ill. Nov. 27, 2012), an individual who had a 50% ownership interest in the defendant, Underwriters, hired an advertising company to send faxes advertising a different company, PT Insurance Group. Despite the fact that Underwriters paid for the faxes and its half-owner had hired the entity that sent the faxes, the court held that Underwriters was not liable under the TCPA because there was no evidence that the half-owner acted on Underwriters' behalf when he arranged for the advertisements promoting a different company.

Similarly, in *Thomas v. Taco Bell Corp.*, 879 F.Supp.2d 1079 (C.D. Cal. 2012), the plaintiff sued Taco Bell after receiving an allegedly unsolicited text message to a cellular phone authorized by an association that promoted local Taco Bell franchises. Despite the involvement of a Taco Bell representative in the association, and Taco Bell's funding of the text-message campaign, the court held that Taco Bell was not liable under the TCPA. The court found that a defendant may be vicariously liable only if that defendant controlled the manner and means by which the text-message campaign was implemented.

Similarly, in *Mey v. Pinnacle Security, LLC,* No. 5:11CV47, 2012 WL 4009718 (N.D. W. Va. Sept. 12, 2012), the plaintiff filed a putative class action against Pinnacle after receiving an advertisement for Pinnacle's services from an outside vendor Pinnacle had hired on her cellular phone. The court held that the relevant provision of the TCPA does not impose liability on a defendant simply because someone else makes an allegedly unsolicited call on the defendant's behalf. The court went on to note that while other sections of the TCPA provided a private right of action for unlawful calls "by or n behalf of" an entity (*e.g.* TCPA § 227(c)(5), for violations of § 227(c)), no such language was included for violations of TCPA § 227(b)(1)(A)(iii); only those that place the unlawful call can be liable there for.

There are no allegations - in either the Amended Complaint, or the newly-proposed Second Amended Complaint - that Dell so controlled the the manner and means by which V&K conducted its debt collection activities to subject it to vicarious liability for its actions. *See Mey* at *5. It is notable, also, that these decisions are all in keeping with the analogous statutory scheme created by the FDCPA, under which "a creditor that is not itself a debt collector is not vicariously liable for the actions of a debt collector it has engaged to collect its debts." *Doherty v.*

4

*Citibank (South Dakota) N.A.,* 375 F.Supp.2d 158 (E.D.N.Y. 2009), *quoting Kolari v. New York-Presbyterian Hospital, et al.,* 382 F.Supp.2d 562, 573 (E.D.N.Y. 2005), *rev'd in part on other grounds,* 455 F.3d 118 (2d Cir. 2006).

Accordingly, plaintiff has failed to state a claim as to the Dell defendants under the TCPA.

### III. CASE LAW IN THIS CIRCUIT SUPPORTS DEFENDANT'S POSITION CONCERNING THE INAPPLICABILITY OF THE TCPA TO DEBT COLLECTION CALLS. [3]

In many respects, plaintiff's opposition does little more than highlight the known split among the Circuits as to applicability of the Telephone Consumer Protection Act ("TCPA") to debt collection calls made to cellular phones. Dell does not argue that point. Dell does assert, however, that Honorable Raymond J. Dearie properly denied a plaintiff's motion for partial summary judgment against a defendant debt collection agency that, like here, made calls to the non-debtor plaintiff's cellular telephone using an automatic telephone dialing system, and urges this Court to adopt that holding which, defendants have argued, is in keeping with the statute purpose of the TCPA to reduce the intrusion of unsolicited advertisements, not legitimate efforts by a creditor or debt collection company to collect a debt. *See Rafala v. Nelson, Watson & Assoc., LLC*, 10-CV-1000 (E.D.N.Y. Jan. 28, 2013) (*See Rafala* Mem. & Order, Lewis Decl., Exhibit "B"). For this, the reasons articulated in Dell's previous submissions, and those articulated by co-defendants, Dell asserts plaintiff's TCPA claims should be dismissed in its entirety.

---

[3] Rather than reiterate arguments that we anticipate will be made by co-defendants, the motion to dismiss of defendant Valentine & Kebartas, Inc. is hereby incorporated by reference.

## **CONCLUSION**

For all the foregoing reasons, as well as those articulated in their previous submissions on this motion, defendants Dell Financial Services, L.L.C. and Dell, Inc. respectfully request that the Court dismiss the amended complaint against them for the reasons set forth above and grant such other and further relief as the Court deems just and proper.

Dated:  Islandia, New York
April 3, 2013

        Respectfully submitted,

        **LEWIS JOHS AVALLONE AVILES, LLP**
        Attorneys for Defendants
        DELL FINANCIAL SERVICES, L.L.C. AND DELL, INC.
        One CA Plaza, Suite 225
        Islandia, New York 11749
        (631) 755-0101

        By:   /s/BRYAN F. LEWIS
              BRYAN F. LEWIS (BL–5146)
        LJAA File No.:  0215-1005-0000